UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| GLENDRICK GARDNER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 21-175-DCR |
| ) | |
| V. ) | |
| ) | |
| LEXINGTON FAYETTE URBAN CO. ) | **MEMORANDUM OPINION** |
| GOVERNMENT, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Glendrick Gardner is a resident of Lexington, Kentucky. Proceeding without counsel, Gardner has filed a Complaint pursuant to 42 U.S.C. § 1983 asserting claims against his former employer, the Lexington-Fayette Urban County Government ("LFUCG"), as well as several employees of LFUCG in their official capacities. [Record No. 1] The Court has granted Gardner's motion for leave to proceed *in forma pauperis* by prior Order. [Record No. 3]

The Court conducts an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2). The statute requires the Court to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007). At this stage of the case, the Court accepts the plaintiff's factual allegations as true. Further, the legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007). The Court also evaluates the Complaint under a more lenient standard because Gardner is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The allegations in Gardner's Complaint are unclear and hard to follow. However, they become a little clearer when reviewed in conjunction with a copy of an attached unemployment compensation decision. *See* [Record No. 1 at 2-4; Record No. 1-3 at 2-4] On December 21, 2015, Gardner was working as a sanitation worker on a garbage truck for LFUCG when he suffered a work-related injury. He was taken to a local hospital for medical treatment. Gardner was released with a doctor's directive that he not operate heavy equipment or ride on the back of a truck. The doctor's order was placed in Gardner's personnel file at LFUCG. Notwithstanding the order, Gardner's supervisors returned him to his regular job duties.

On May 6, 2016, Gardner suffered an incident while at work due to medication that made him dizzy. He was evaluated by a neurologist, who again directed that Gardner not operate heavy equipment or ride on the back of a truck. But again, his supervisors returned Gardner to regular work activities.

Gardner's supervisors requested that he complete workers compensation forms in October 2016. Gardner did not comply, apparently because he did not understand the forms and the doctor to whom he had been referred refused to complete them for him. In December 2016, Gardner was terminated for not reporting to work after he had exhausted all of his leave time and had not completed the required forms. [Record No. 1-3 at 3-4]

Gardner asserts in his Complaint that the defendants "filed two work-related injuries in the name of another government agency." He does not clearly explain the import of this assertion, and none of the documents attached to the Complaint provide clarification. Gardner

further states that he was "written up" by his supervisors, notwithstanding the fact that the defendants were aware that he was subject to work restrictions. Gardner includes a letter dated October 31, 2016 from a law firm declining to represent him regarding his claims. [Record No. 1-1 at 1] He contends that the defendants violated his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. [Record No. 1 at 4]

The Court has thoroughly reviewed the Complaint, but concludes that it must be dismissed for several reasons. First, this action is barred by *res judicata*. Gardner acknowledges that he filed suit regarding the same claims on a prior occasion. [Record No. 1 at 7] In November 2020, Gardner filed a Complaint in this Court arising out of the same facts, asseting the same claims, and naming the same defendants. *Gardner v. Scott*, No. 5: 20-CV-456-JMH (E.D. Ky. 2020). The Court concluded that it lacked subject matter jurisdiction over Gardner's claims because a Kentucky statute (KRS § 342.690(1)) establishes that the Kentucky's workers' compensation statute provides the exclusive remedy for any and all claims falling within its scope. [Record Nos. 5, 7 therein] Gardner filed a notice of appeal following this determination. However, on June 16, 2021, the United States Court of Appeals for the Sixth Circuit dismissed the appeal as untimely. [Record No. 15 therein] Gardner filed the current Complaint two weeks later.

*Res judicata* encompasses issue preclusion which prohibits a party from relitigating an issue that has already been decided. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). This Court previously concluded that it lacks subject matter jurisdiction to entertain Gardner's claims, and he may not seek a different result by simply filing suit a second

suit. This is true even if the prior determination was incorrect,[1] as the proper avenue to challenge that determination was through appeal. Gardner's appeal was dismissed as untimely and, therefore, the matter is conclusively decided against him.

Second, Gardner's allegations fail to state a claim under any of the constitutional amendments he cites, including the Fourth (which prohibits unreasonable searches and seizures), the Sixth (which provides certain rights in criminal trials), the Eighth (which prohibits excessive fines or punishments for civil or criminal offenses), or the Fifth and Fourteenth (which require due process of law before property is taken).

In addition, Gardner sues the defendants only in their official capacities. A claim asserted against a government employee in his or her "official capacity" is, in fact, one directed solely against the government agency that employs the individual. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008). But a county government (here, LFUCG) is only liable under Section 1983 when its employees cause injury by carrying out the county's formal policies or practices. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). As a result, a plaintiff must specify in his Complaint the county policy or custom which he alleges caused

---

[1] It may have been so, as the decision did not address the application of the Supremacy Clause. *Cf. Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 568 (6th Cir. 2013) ("Although Michigan has the right to declare that its workers' compensation system is the exclusive remedy under *state* law for workplace injuries, *see* Mich. Comp. Laws § 418.131, it cannot exclude the federal government from providing its own remedies so long as it acts within the scope of its enumerated powers."). *See also Roberts v. Roadway Exp., Inc.*, 149 F. 3d 1098, 1105 (10th Cir. 1998) ("If Roadway means to argue that Colorado's Workers' Compensation Act provides the exclusive remedy for all work-related injuries including emotional distress caused by violations of the civil rights laws, that argument is readily disposed of by the Supremacy Clause."); *Rosa v. Cantrell*, 705 F. 2d 1208, 1221 (10th Cir. 1982) (collecting cases); *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1190 (2d Cir. 1987) (same).

his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Gardner does not allege that his supervisors acted pursuant to any such policy. His allegations therefore fail to state a claim under Section 1983. *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

And even if Gardner's allegations were sufficient, his claims under Section 1983 are barred by the applicable statute of limitations. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate."). In Kentucky, civil rights claims asserted under 42 U.S.C. § 1983 are governed by a one-year statute of limitations. KRS § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013). The events giving rise to Gardner's claim occurred from May through December 2016. The running of the limitations period had plainly commenced when Gardner sought out an attorney to represent him regarding his claims, and certainly no later than when he was terminated in December 2016. *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015) (noting that to determine when a claim accrues courts look "to what event should have alerted the typical lay person to protect his or her rights.") (cleaned up). Gardner was required to file suit by December 2017, but did not do so here until June 2021. Therefore, his claims are time-barred.

Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Glendrick Gardner's Complaint [Record No. 1] is **DISMISSED** with prejudice.

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated: October 4, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky